UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARMEN VIERA, *individually and as personal* :
*representative of the estate of* PEDRO ROSADO- :
RIVERA, *deceased*, :
                             Plaintiff, :        15-CV-3952 (JPO)
                                      :
           -v-                     :      OPINION AND ORDER
                                      :
BASF CATALYSTS LLC, SUPERIOR :
MATERIALS, INC., and WHITTAKER, :
CLARK & DANIELS, INC., :
                        Defendants. :
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiff Carmen Viera filed this action on May 22, 2015. (Dkt. No. 1.) Viera alleges

that Defendants BASF Catalysts LLC ("BASF"), Superior Materials, Inc. ("Superior"), and

Whittaker, Clark & Daniels, Inc. ("Whittaker") (collectively, "Defendants") manufactured and

distributed an asbestos-containing product that caused her late husband's death. Defendants

move to transfer the case to the United States District Court for the Middle District of Florida.

(Dkt. No. 31.) For the reasons that follow, the motion to transfer is granted.

**I.    Factual Allegations**

      Viera, a resident and citizen of Florida, filed this action in her individual capacity and as

representative for the estate of her deceased husband, Pedro Rosado-Rivera. (Dkt. No. 9

("Compl.") ¶ 1.) Viera alleges that Rosado-Rivera developed mesothelioma due to exposure to an

asbestos-containing "auto body repair filler" ("filler") that each Defendant either manufactured or

distributed. (Compl. ¶¶ 35-38, 40-41, 45.) Viera contends that Rosado-Rivera used the filler for

more than four decades while working at auto shops in New York, Puerto Rico, and Florida.

(Compl. at ¶ 40.) She alleges, specifically, that Rosado-Rivera used the filler in New York between

1959 and 1968; in Puerto Rico between 1968 and 1992; and in Florida thereafter. (*Id.*; Dkt. No.

39 ("Pl.'s Opp.") at 15.)  Rosado-Rivera developed mesothelioma in April 2014 and died on May

23, 2014.  (Compl. at ¶ 1).  He resided in Florida at the time of his death.  (*Id.*)

Viera asserts six tort claims related to Rosado-Rivera's death.  (Compl. at ¶¶ 50-92.).

BASF moved to dismiss two of the claims on July 22, 2015, and moved to transfer the case to the

Middle District of Florida on September 1, 2015.  (Dkt. Nos. 18, 31.)  Whittaker and Superior have

joined both motions.  (Dkt. Nos. 34, 36.)  The Court has not yet ruled on the motion to dismiss.

## II.    Legal Standards

A district court may transfer a civil action to another district "[f]or the convenience of

parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  When deciding motions to

transfer, "courts inquire, first, whether the action might have been brought in the transferee district

and, if yes, whether transfer would be an appropriate exercise of the Court's discretion."  *Randle*

*v. Alexander*, 960 F. Supp. 2d 457, 485 (S.D.N.Y. 2013) (citations and internal quotation marks

omitted).

An action "might have been brought" in a transferee court if, at the time of filing, that court

would have had jurisdiction and venue would have been proper.  *Chiste v. Hotels.com L.P.*, 756 F.

Supp. 2d 383, 399 (S.D.N.Y. 2010) (citations omitted).   The movant bears the burden of

establishing that the case meets this test.  *Berger v. Cushman & Wakefield of Penn., Inc.*, No. 09-

CV-9224, 2013 WL 4565256, at *4 (S.D.N.Y. Aug. 28, 2013) (Oetken, J.).  In general, to succeed

on a transfer motion, the movant must present "clear and convincing evidence" that transfer is

warranted.  *Id.* (citations omitted).  Where no discovery has taken place, however, "the movant

need only make a *prima facie* showing of personal jurisdiction in the target venue."  *Mohamad v.*

*Rajoub*, No. 05-CV-8335, 2008 WL 4444572, at *3 (S.D.N.Y. Sept. 29, 2008) (emphasis in

original) (citations omitted).

If the movant establishes that the case could have been filed in another district, the court considers whether convenience and justice favor transfer. 28 U.S.C. § 1404(a). To make this determination, courts balance several factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Steck v. Santander Consumer USA Holdings, Inc.*, No. 14-CV-6942, 2015 WL 3767445, at *2 (S.D.N.Y. June 17, 2015) (citation omitted). No single factor is determinative in transfer analysis. Instead, "weighing the balance is essentially an equitable task left to the Court's discretion." *Berger*, 2013 WL 4565256, at *4.

## III.   Discussion

Defendants seek to transfer this action to the Middle District of Florida. Viera argues that a Florida court cannot exercise personal jurisdiction over Superior, and thus, that the action could not have been filed in the proposed transferee court. Viera also contends that venue in Florida is improper and that the Section 1404 factors weigh in favor of litigation in this district.

### A.      Personal Jurisdiction

The parties agree that, at the time of filing, the Middle District of Florida would have had subject matter jurisdiction over this action and personal jurisdiction over BASF and Whittaker. (Pl.'s Opp. at 5 n.1, 7; Dkt. No. 44 ("Def.'s Reply") at 1.) They dispute whether a Florida court could have exercised personal jurisdiction over Superior.[1]

---

[1] Because transfer is appropriate only when a case "might have been brought" in the proposed transferee court at the time of filing, Superior's consent to personal jurisdiction in Florida is insufficient to satisfy 28 U.S.C. § 1404(a). *Bayer Schera Pharma AG v. Sandoz, Inc.*, No. 08-CV-3710, 2009 WL 440381, at *4 (S.D.N.Y. 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960)).

A court has personal jurisdiction where a suit meets the requirements of the state's long-arm statute and the exercise of jurisdiction is consistent with the Due Process Clause of the Fourteenth Amendment.  *Licci ex rel Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012).   Viera argues that Superior's contacts with Florida are insufficient to satisfy either Florida's statute or the Due Process Clause.  (Pl.'s Opp. at 7.)  Defendants contend that a Florida court could have exercised personal jurisdiction under the state's long-arm statute. (Def.'s Reply at 4.)  Defendants appear to argue that, once the requirements of the Florida statute are met, the Due Process Clause is satisfied as well.

The Court begins with Florida law.  Florida's long-arm statute confers general jurisdiction over defendants "engaged in substantial and not isolated activity" in Florida and specific jurisdiction over claims arising from enumerated acts.  Fla. Stat. Ann. § 48.193.  Those acts include injuring a person in Florida if, at the time of the injury, products "processed, serviced, or manufactured by the defendant anywhere were used . . . within [Florida] in the ordinary course of commerce, trade, or use."  *Id.* § 48.193(1)(a)(6)(b).  To establish specific jurisdiction under this provision, a plaintiff must show an "affiliation, nexus, or substantial connection" between her claim and the defendant's conduct.  *Cableview Comms. of Jacksonville Inc. v. TimeWarner Cable Southeast LLC*, No 13-CV-306, 2014 WL 1268584, at *7 (M.D. Fla. Mar. 27, 2014).

Defendants have made a prima facie showing that a Florida court could have exercised specific jurisdiction over Superior in May 2015.[2]  Viera alleges that Superior distributed the product that caused her husband's death (Compl. ¶ 37), and that her husband used that product in

---

[2] Because the Court concludes that the long-arm statute confers specific jurisdiction over Viera's cause of action, it need not decide whether Superior's business dealings in Florida subject it to general jurisdiction as well.

Florida between 1992 and 1998.  (Compl. ¶¶ 40-41; *see also* Pl.'s Opp. at 15.)  Superior concedes that, since 1980, it has distributed "raw chemical ingredients" to Florida manufacturers, who sell the products at issue.  (Def.'s Reply at 4; *see also* Compl. at ¶ 39.)  Together, these allegations constitute a sufficient showing that, at the time of filing, a Florida court could have exercised personal jurisdiction over Superior under § 48.193(1)(a)(6)(b) of the state's long-arm statute.  *See Hatton v. Chrysler Canada, Inc.*, 937 F. Supp. 2d 1356, 1363 (M.D. Fla. 2013) ("Florida courts have held that the term "processed" as contained in [the long-arm statute] contemplates the conduct of a wholesaler in bringing together large quantities of goods for shipment . . . .") (citations and internal quotation marks omitted); *Murante v. Pedro Land, Inc.*, 761 F. Supp. 786, 789 (S.D. Fla. 1991) (defendant who sold defective fireworks to Florida dealers "processed" products for purposes of the long-arm statute).[3]

The Court thus turns to the question of due process.  To determine whether a Florida court's exercise of long-arm jurisdiction satisfies the Due Process Clause, courts consider "whether the defendant has purposefully established such constitutionally significant contact with the state of Florida that [it] could have reasonably anticipated that [it] might be sued [in Florida] in connection with those activities."  *SPM Thermo-Shield, Inc. v. SICC*, No. 2:15-CV-439, 2015 WL 7076692, at *5 (M.D. Fla. Nov. 13, 2015) (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008)); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010).  If the defendant can establish purposeful contact, the court assesses whether the exercise of personal jurisdiction is reasonable, *i.e.*, whether subjecting the defendant to suit in the forum comports with "fair play and substantial justice."  *Licciardello*, 544 F.3d at 1284.  In making the reasonableness determination, courts consider the forum's interest in the

---

[3] Section 48.182(1)(f)(2) of Florida's long-arm statute was replaced by § 48.193(1)(a)(6)(b), an identical provision, on July 1, 2013.  Cases before that date refer to the earlier provision.

dispute, the plaintiff's interest in obtaining relief, and the burden litigation in the forum places on the defendant. *Id.*

The exercise of personal jurisdiction over Superior passes this test. Superior admits that it has "a nationwide customer base, including customers in Florida" and that it has distributed chemicals to "Florida-based customers since the 1980s." (Dkt. No. 44-1 ¶ 10.) These admissions amount to "constitutionally significant contact." *SPM Thermo-Shield*, 2015 WL 7076692, at *5. By selling its products in Florida for more than three decades, Superior "purposeful[ly] avail[ed]" itself "of the privilege of conducting activities" in the state, and thus, should reasonably have anticipated being sued in a Florida court in connection with products it sold. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1363 (11th Cir. 2006); *see also Queen Bee*, 616 F.3d at 171. As to reasonableness, Superior wants to litigate in Florida, Plaintiff is a Florida citizen, some of the injuries alleged occurred in Florida, and the parties have not identified any reason Plaintiff cannot obtain relief in a Florida court. The exercise of jurisdiction by the Middle District of Florida is consistent with the Due Process Clause.

### B.    Venue

Defendants argue that venue is proper in the Middle District of Florida under 28 U.S.C. §1391(b)(2), which provides for venue in any "judicial district in which a substantial part of the events . . . giving rise to the claim occurred." (Def.'s Reply at 5 n.1.) Viera contends that venue is improper because (1) a Florida court cannot exercise personal jurisdiction over Superior, (2) Defendants have not shown that Florida is a convenient forum for them, and (3) a substantial part of the events at issue occurred in Puerto Rico and New York as well as Florida. (Pl.'s Opp. at 8-9.)

None of Viera's arguments prevails.  For the reasons outlined above, the Court concludes that Defendants have met their burden as to personal jurisdiction.  In terms of convenience, by moving to transfer, Defendants have demonstrated that litigation in Florida is convenient—and indeed preferable—for them.  *See Steck,* 2015 WL 3767445, at \*4. ("[P]arties can waive the issue of their own convenience . . . .").  Finally, the fact that some of the events at issue took place in one jurisdiction does not prohibit venue in another.  *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 387 (S.D.N.Y. 2010).  Viera alleges that Rosado-Rivera was exposed to Defendants' filler at "Mike's Auto Body on Martin Luther King Boulevard in Tampa, Florida." (Compl. ¶ 40.)  This allegation is sufficient to establish the propriety of venue in Florida under 28 U.S.C. §1391, notwithstanding any exposure to asbestos in other states.

## C.     Transfer Factors

The transfer factors at issue in this case are the convenience of witnesses, the availability of process to compel the attendance of witnesses, the locus of operative facts, the relative means of the parties, the Plaintiff's choice of forum, and the interests of justice.[4]

### 1.     Convenience of Witnesses and Parties

"Convenience of both the party and non-party witnesses is probably the single most important factor in the analysis of whether transfer should be granted."  *Steck*, 2015 WL 3767445, at \*3 (citation omitted).  "In evaluating this factor, the court . . . look[s] beyond the quantity of witnesses and assess[es] the quality of the testimony to be offered."  *Larew v. Larew*, No. 11-CV-5771, 2012 WL 87616, at \*4 (S.D.N.Y. Jan. 10, 2012) (citations omitted).  "A party

---

[4] It is unnecessary to consider the location of relevant documents here.  This factor, which is entitled to relatively little weight in transfer analysis, favors neither party given the availability of electronic discovery.  *See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006) ("The location of documents and records is not a compelling consideration when records are easily portable.") (internal quotation marks omitted).

moving for transfer of venue for the convenience of witnesses is not required to submit an affidavit from each witness." *G. Angel Ltd. v. Camper & Nicholsons USA, Inc.*, No 06-CV-2495, 2008 WL 351660, at *4 (S.D.N.Y. Feb. 8, 2008). However, the movant must identify material witnesses and supply a general description of what their testimony will cover. *Steck*, 2015 WL 3767445, at *3 (citation omitted).

Defendants report that they are likely to call a number of witnesses who currently reside in Florida. (Def.'s Reply at 8-9.) Defendants contend, specifically, that their material witnesses will include the Plaintiff, the decedent's physicians, witnesses with knowledge of the decedent's alleged pain and suffering and Plaintiff's own injuries, and witnesses who worked with the decedent in Tampa, Florida. (*Id.*) Defendants state that "there is no indication that any witness will reside in New York" given that close to half a century has passed since the decedent worked in the Bronx.[5] (*Id.* at 9.) In light of these assertions, the Court concludes that the convenience of the non-party witnesses favors transfer.

As to the parties, Viera resides in Florida but seeks to prosecute her claims in this district. Defendants, in contrast, are citizens of New York and New Jersey, but seek transfer to Florida. Accordingly, both parties have waived of any claims of their own inconvenience.

### 2. Availability of Process to Compel the Attendance of Witnesses

In most cases, any witness who is unwilling to appear can be represented through deposition testimony. *Steck*, 2015 WL 3767445, at *8 (citing *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 405 (S.D.N.Y. 1998)). Nonetheless, the availability of process to compel the attendance of witnesses is a factor in transfer analysis.

---

[5] Viera alleges that Rosado-Rivera worked "at various auto body repair shops, including but not limited to several located in the Bronx, during the time period beginning in 1959 to March of 1968." (Compl. ¶ 40.) There is no allegation that Rosado-Rivera worked in New York after 1968.

Here, while neither party has identified witnesses who are unwilling to testify, Defendants have indicated that all likely witnesses reside in Florida. Accordingly, if there are witnesses who are unwilling to testify, they are more likely to fall within the reach of a Florida court's subpoena power than this Court's power to compel testimony. *See* Fed. R. Civ. P. 45(b). The availability of process thus weighs slightly in favor of transfer.

### 3.    Locus of Operative Facts

"The locus of operative facts is a primary factor in determining whether to transfer venue." *Berger,* 2013 WL 4564256, at *10 (internal quotation marks omitted). Defendants argue that this factor "points to Florida" because "this matter's last connection to New York occurred nearly fifty years ago." (Def.'s Reply at 8.) Defendants note that most of the events at issue—including the onset of decedent's mesothelioma, his medical treatment, his pain and suffering, and his death—took place in Florida. (*Id.*) Viera responds that Rosado-Rivera's exposure to asbestos in New York is no "less substantial" than his exposure to asbestos in Florida. (Pl.'s Opp at 15.) While this may be true, the development and treatment of the decedent's illness in Florida, in combination with Plaintiff's claim of asbestos exposure in Florida, supports transfer to that state.

### 4.    Relative Means of the Parties

A significant financial disparity between the parties may support or discourage transfer of venue. *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 290 (S.D.N.Y. 2004). While Defendants likely have access to more resources than Viera, she wants to proceed in New York. Accordingly, any concern for Viera's relative means—which would, in theory, favor litigation in her home state—is outweighed by her preference for litigation in this district. As such, this factor is neutral.

### 5.    Forum's Familiarity with Governing Law

Transfer to a federal court in another state may be appropriate when a case will be subject to that state's law.  *Dostana Enters. LLC v. Fed. Express Corp.*, No. 00-CV-0747, 2000 WL 1170134, at *6 (S.D.N.Y. Aug. 16, 2000) ("[T]he greater familiarity of the federal court sitting in [the state whose law applies] militates somewhat in favor of transfer.").  Under New York law, which governs this Court's choice of law analysis, tort actions are subject to the laws of the forum with the greatest interest in the dispute.  *GlobalNet Financial.com Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 384 (2d. Cir. 2006); *see also Dostana*, 2000 WL 1170134, at *6 ("Whether or not this case is transferred, any choice of law analysis will be conducted under the choice of law rules of New York.") (citing *Van Dusen v. Barrack*, 376 U.S. 612, 812 (1964)).

Florida has the greater interest in this dispute.  Viera is domiciled in Florida and she alleges that Rosado-Rivera developed and died from mesothelioma in that state.  In contrast, Rosado-Rivera's alleged exposure to asbestos in New York occurred nearly five decades ago, at the beginning of a long career, most of which took place other states.  Courts have held that transfer is appropriate in such circumstances.  *See, e.g., Helen v. Crane Co.*, No. 12-CV-7614, 2013 WL 4528461, at *4 (S.D.N.Y. Aug. 27, 2013) (granting a motion to transfer where "most of [Plaintiff's] asbestos exposure" occurred outside New York); *In re New York City Asbestos Litig.*, 92 N.Y.S. 2d 466, 475 (N.Y. Sup. Ct. 2011) ("Oregon . . . has the greatest outcome-interest in this litigation, particularly when it was in [that] state where Plaintiff was domiciled . . . [and] where Plaintiff unfortunately was stricken with mesothelioma . . . .").  The likelihood that Florida law will govern this case weighs in favor of transfer to the Middle District of Florida.

### 6.    Plaintiff's Choice of Forum

While a plaintiff's choice of forum is generally entitled to considerable weight, "the degree of deference given to [that] choice varies with the circumstances."  *Steck*, 2015 WL

10

3767445, at *8 (citation omitted).  When a plaintiff sues in a forum that is neither her home nor

the location of the operative facts, her choice of forum is "accorded substantially less deference"

than it would otherwise receive.  *Id.* (citing *U.S. Commodity Futures Trading Comm'n v. Wilson*,

27 F. Supp. 3d 517, 537 (S.D.N.Y. 2014)).

Viera has chosen to litigate in New York, but she neither lives in this state nor alleges

that her late husband developed mesothelioma here.  Thus, while the Court recognizes her

preference for litigation in New York, it concludes that Plaintiff's choice of forum is outweighed

by concerns that favor transfer to Florida.

### 7.   Trial Efficiency and the Interests of Justice

Defendants argue that it is efficient and just to transfer this action to Florida, where most

of the operative facts occurred and all the potential witnesses are located.  (Dkt. No. 31 at 11.)

Viera argues that the decedent's exposure to asbestos in New York no less significant than his

asbestos exposure in Florida.  (Pl.'s Opp. at 11.)  Viera also contends that it is inefficient to

transfer an action to a court that will not have personal jurisdiction.  (*Id.*)

Defendants' efficiency analysis prevails.  For reasons already stated, the Court concludes

that Defendants have met their burden as to the locus of the operative facts and personal

jurisdiction.  Given that this case has not proceeded past a dispositive motion, and that Florida's

connection to the suit are greater than New York's, the interest in efficient and just dispute

resolution supports transfer.

### IV.   Conclusion

For the foregoing reasons, Defendants' motion to transfer is GRANTED.  This action is

hereby transferred to the United States District Court for the Middle District of Florida.

The Clerk of Court is directed to close the motion at Docket Number 31.

SO ORDERED.

Dated:  December 21, 2015
        New York, New York

_____
                J. PAUL OETKEN
            United States District Judge